# JOHN W. McCLURE v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

January 3, 1913.

Nos. 17,897–(125).

**Question for jury.**

Action for the destruction of plaintiff's sawmill by fire started by an engine of defendant. *Held:* The evidence warranted submitting to the jury the question whether the fire was so started. [Reporter.]

Action in the district court for Mille Lacs county to recover $8,950 for loss of a sawmill by fire. The complaint alleged that on a specified day defendant, while running its steam engine with trains of cars attached over its line of railroad through the village of Onamia, negligently permitted to escape from the engine sparks of fire and burning cinders, which were scattered and carried to plaintiff's premises, setting fire to plaintiff's building, and notwithstanding his efforts to save it, the property was destroyed including the building, platforms, machinery, tools and lumber; that the fire was due solely to the negligence of defendant and its employees and to the imperfect and unsafe condition of the engine. The answer denied the allegations of the complaint and prayed that the action be dismissed. The case was tried before Nye, J., and a jury which returned a verdict in favor of plaintiff for $600. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

[1] Reported in 139 N. W. 1134.

*John G. Erdall, H. B. Fryberger, L. K. Eaton* and *Alfred H. Bright,* for appellant.

*Land & Malmberg,* for respondent.

PER CURIAM.

This is an action to recover for the destruction of plaintiff's saw mill by a fire claimed to have been set by an engine of defendant. There was a verdict for $600 in favor of plaintiff. Defendant moved for judgment notwithstanding the verdict. This was denied, and defendant appeals from the judgment thereafter entered on the verdict.

The sole question is whether there was any evidence that warranted the submission to the jury of the question whether the fire was started by an engine of defendant. We have examined the record and find evidence making the question one for the jury to determine. A statement of the evidence here would serve no useful purpose.

Judgment affirmed.